UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SERDARRYEL DAVE ENGLISH, JR. ,

    Petitioner,

v.                                      Case No.:  2:24-cv-490-SPC-NPM
                                                            2:21-cr-3-SPC-KCD

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION AND ORDER**

Before the Court is Petitioner Serdarryel Dave English, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[1] The Court has conducted a preliminary review of the motion as required by Section 2255 Rule 4. Because it plainly appears from the motion and the record of prior proceedings that English is entitled to no relief, the Court dismisses the motion.

The United States charged English with possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Cr-Doc. 1). English pleaded guilty, and the Court accepted the plea. (Cr-Doc. 52). On July 18, 2022, the Court sentenced English to 72 months in prison, followed by 36

---

[1] The Court cites documents from Case No. 2:24-cv-490-SPC-NPM as "Doc. _" and documents from Case No. 2:21-cr-3-SPC-KCD as "Cr-Doc. _."

months of supervised release. (Cr-Doc. 77). English did not appeal. He now argues § 922(g)(1) is unconstitutional as applied to him based on the Supreme Court's holding in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

English is plainly not entitled to § 2255 relief for two reasons. First, the motion is untimely. Generally, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). English did not file a direct appeal in his case. Accordingly, his conviction became final on August 1, 2022—fourteen days after the entry of judgment, when the time to file a notice of direct appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). English had through August 1, 2023, to file a § 2255 motion. But he constructively filed his motion on May 22, 2024.

English might hope to proceed under § 2255(f)(3). It states the limitations period may start "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). But a claim based on any newly created right found in *Bruen* is still untimely because English failed to file his motion within

2

a year of that opinion. *See Griffin v. United States*, 847 F. App'x 752, 758 (11th Cir. 2021). In fact, *Bruen* was published before English's conviction. What is more, the Eleventh Circuit has held that *Bruen* did not recognize a new right that is retroactively applicable on collateral review. *See In re Williams*, No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir. Dec. 15, 2022) ("the Supreme Court [in *Bruen*] did not expressly indicate that it was announcing a new rule of constitutional law applicable to cases on collateral review. There is also no indication that multiple cases since then have, together, made the holding in that case retroactive of that retroactivity should be inferred as a matter of 'logical necessity.'"); *see also In re Terry*, No. 22-13615-C, 2022 WL 20033240, *2 (11th Cir. Nov. 14, 2022) ("to the extent that the right recognized in *Bruen* is a previously unavailable, new rule of constitutional law, *Bruen* has not been 'made retroactive to cases on collateral review by the Supreme Court.'").

Second, English waived his claim by pleading guilty. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Thus, when a § 2255 motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Alternatively,

3

"[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson,* 397 U.S. 759, 770 (1970)). By pleading guilty, English waived any argument that 18 U.S.C. §§ 922(g)(1) and 924(a)(2) are unconstitutional as applied to him.

English is not entitled to an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). English has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

5

Petitioner Serdarryel Dave English, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment and close the civil case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 3, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record